**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **DAVID MURPHY,** | § <br> § <br> § **Civil Action No.:** <br> § <br> § <br> § <br> § <br> § **JURY TRIAL DEMANDED** <br> § <br> § <br> § <br> § |
| Plaintiff, | |
| v. | |
| **BLUESTEM BRANDS, INC. d/b/a FINGERHUT,** | |
| Defendants. | |

# COMPLAINT

DAVID MURPHY ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against BLUESTEM BRANDS, INC. d/b/a FINGERHUT ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendants conduct business in the State of Texas, and as such, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Nash, Texas.

6. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

7. Defendant is a company with its headquarters located at 7075 Flying Cloud Drive, Eden Prairie, Minnesota 55344.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number that he has had for several years.

11. Plaintiff has only used this number as a cellular telephone number.

12. The phone number has been assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls.

13. Beginning in or around April 2015 and continuing through May 2016, Defendant called Plaintiff on his cellular telephone on a repetitive and continuous basis.

14. Defendant's harassing debt collection calls derived from numbers including, but not limited to (800)-503-2370. The undersigned has confirmed that this number belongs to the Defendant.

15. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

16. Plaintiff knew Defendant was using an automatic telephone dialing system as each call began with a noticeable delay before he was transferred to a live representative.

17. Defendant's telephone calls were not made for "emergency purposes," but rather to collect a balance that was owed by Plaintiff.

18. Although Plaintiff had an account with Defendant, he revoked consent to be contacted on his cellular telephone when the calls began in April 2015.

19. Defendant, although acknowledging Plaintiff's revocation, ignored his request to cease communication and continued to call.

20. Defendant's actions as described herein were made with the intent to harass, upset, deceive, and coerce payment from Plaintiff.

## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22. Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using a prerecorded voice.

23. Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24. Defendant's calls to Plaintiff were not made for emergency purposes.

25. Defendant's calls to Plaintiff, after April 2015, were not made with Plaintiff's prior express consent.

26. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, DAVID MURPHY respectfully prays for a judgment as follows:

    a.    All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b.    Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c.    Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d.    Injunctive relief pursuant to 47 U.S.C. §227(b)(3); and

    e.    Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, DAVID MURPHY, demands a jury trial in this case.

Respectfully submitted,

Dated: May 19, 2016  /s/ Amy Lynn Bennecoff Ginsburg
  Amy Lynn Bennecoff Ginsburg, Esq.
  Kimmel & Silverman, P.C.
  30 East Butler Pike
  Ambler, Pennsylvania 19002
  Phone: (215) 540-8888
  Facsimile: (877) 788-2864
  Email: aginsburg@creditlaw.com